UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JULIE DINWIDDIE,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:18-cv-00197-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Julie Dinwiddie's ("Julie")[1] Motion for Additional Time Within Which to Disclose Advancing Expert Witnesses and Rebuttal Witnesses ("Motion"). Dkt. 27. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). Based on the following, the Court finds good cause to GRANT Julie's Motion.

## II. BACKGROUND

### A. General

This case revolves around the transfer of 100% of the shares of stock in Evergreen Nursery, Inc. ("ENI") from Jeff Dinwiddie ("Jeff") to his wife, Julie, on January 5, 2012.

---

[1] While the Court prefers to refer to parties by their last names, because both Mr. and Mrs. Dinwiddie will be discussed in this order, the Court will utilize their first names.

In January 2012, ENI was no longer an operating entity and its only asset was real estate located at 12580 Old Seward Highway in Anchorage, Alaska (the "Property"). At the time Jeff transferred the stock, his federal tax liabilities exceeded five-million dollars.

In December 2012, ENI sold the Property to Condor LLC ("Condor") and provided seller financing to Condor. Under the seller financing agreement, Condor makes monthly payments to ENI, which accumulates in a bank account in ENI's name.

In March 2018, Julie, as the sole owner of ENI, directed the bank to transfer more than $94,000 from the ENI bank account to her personal account. The IRS levied these funds in partial satisfaction of Jeff's federal tax liability. Julie then filed this case on May 7, 2018, alleging that the IRS wrongfully levied on her property to satisfy the federal tax liabilities of her husband. Dkt. 1.

**B. Affirmative Defenses**

As is relevant to the Motion, on June 27, 2018, the United States filed an answer to Julie's Complaint, asserting as its only affirmative defense that Julie was a nominee of her husband with respect to ENI.[2] Then, on February 5, 2019, in a response to an interrogatory, the United States stated that Jeff's transfer to Julie "was fraudulent under the laws of the State of Alaska." Dkt. 31-1, at 8. Roughly six months later, on August 1, 2019, the United States filed an Amended Answer, adding fraudulent transfer as an affirmative defense. Dkt. 26. August 1, 2019, was also the expert rebuttal disclosures cutoff, but due to a series of

---

[2] "A nominee is one who holds bare legal title to property for the benefit of another." *Fourth Inv. LP. v. United States*, 720 F.3d 1058, 1066 (9th Cir. 2013) (quotations omitted). "In the context of a wrongful levy case, a nominee is essentially a proxy, or even a decoy, for someone else." *Turk v. I.R.S.*, 127 F. Supp. 2d 1165, 1167 (D. Mont. 2000).

stipulated delays and extensions, Julie had until August 20, 2019, to submit rebuttal reports.

Julie filed this Motion on August 27, 2019, asking the Court to extend the expert discovery cutoff date. She argues that the affirmative defense of fraudulent conveyance is different than the affirmative defense that she was a nominee of her husband. With this new affirmative defense, Julie contends she will need to submit an additional expert report that will provide a proper valuation of the ENI stock that was transferred, rather than the valuation of the Property. The United States counters that Julie was aware of its intent to provide evidence of fraudulent transfer because it stated such in a response to interrogatories. According to the United States, since Julie did not diligently seek this discovery between February 5, 2019, and the close of expert discovery, there is no good cause to modify the scheduling order to allow her additional expert report.

### III. LEGAL STANDARD

Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(e). This scheduling order "may be modified only for good cause and with the judge's consent." *Id.* at 16(b)(4). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). The focus of the inquiry, therefore, is upon the moving party's reasons for seeking modification. *C.F. v. Capistrano Unified Sch. Dist.* 654 F.3d 975, 984 (9th Cir. 2011) (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir. 1992); *T. Dorfman, Inc. v. Melaleuca, Inc.*, 2013 WL 5676808 (D. Idaho October 18, 2013) at *2.

# IV. DISCUSSION

Here, the Court finds good cause to grant Julie additional time to disclose expert witnesses. Throughout discovery, Julie was undoubtedly preparing to both argue a case for wrongful levy and address the United States' only (at the time) affirmative defense that she was a nominee of her husband. She had no reason to do otherwise; she had her burden to meet, and the United States had announced its sole defense. When the United States amended its Answer to include an affirmative defense of fraudulent conveyance, this altered the expectations of discovery for both parties because arguing that Jeff fraudulently transferred the stock is different than arguing solely that Julie was a nominee for Jeff. *See Turk v. I.R.S.*, 127 F. Supp. 2d 1165, 1168 (D. Mont. 2000) (analyzing nominee and fraudulent conveyance as separate legal defenses). As such, Julie should have adequate time to address the new facets of the case that this new defense brought.[3]

The Court rejects the United States' argument that Julie failed to diligently pursue this discovery because she had adequate notice of this defense via the February 5, 2019, response to interrogatories. The language in the response that purportedly puts Julie on notice simply states, "the transfer was fraudulent under the laws of the State of Alaska." Dkt. 31-1, at 8. Even if it can be said that this language is legally sufficient to alert Julia of

---

[3] Julie did not object to the United States filing its Amended Answer. Dkt. 31-1, at 2. However, the Amended Case Management / Scheduling Order required the parties to file any amended pleadings on or before Feb. 11, 2019. Dkts. 13, 15. The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). Were this Court to deny Julie's Motion, it would also strike the Amended Answer as the United States has not shown good cause to excuse its untimeliness.

the United States' intent to utilize the fraudulent transfer affirmative defense, that language was contained in a response to an interrogatory, not in an answer to a complaint. As such, it cannot qualify as an affirmative defense. *See* Fed. R. Civ. Pro. 8(c) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense."). A response to an interrogatory does not carry the same significance that an affirmative defense does. The United States must have known this, which is why on August 1, 2019, it filed an Amended Answer and included the new affirmative defense.

With that being said, if the United States feels that this expert testimony is flawed or is inadmissible, it may certainly argue such at a different time. The Court's decision that Julie may disclose an additional expert does not mean that it is automatically going to accept what that expert says. At this time, it is prudent and appropriate to allow Julie some extra time to properly address the United States' recently added affirmative defense.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. Julie's Motion for Additional Time Within Which to Disclose Advancing Expert Witnesses and Rebuttal Witnesses (Dkt. 27) is GRANTED.

    a. The advancing party shall have until February 5, 2020, to both identify any additional Expert Witnesses and provide to the opposing party each Expert's Report prepared in compliance with this Court's prior Scheduling Order, as Amended;

    b. The party presenting Rebuttal Expert(s) shall then have until February 25, 2020, to identify additional Rebuttal Witness(es)and provide to the

opposing party each Expert's Report prepared in compliance with this Court's prior Scheduling Order, as Amended; and

c. The deadline for completion of fact and expert discovery, as set forth in the Court's Scheduling Order, as Amended, shall be reset to March 26, 2020.

d. The dispositive motion deadline shall be reset to April 25, 2020.

DATED: January 7, 2020

David C. Nye
Chief U.S. District Court Judge